UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

Ali M. Hammoud,                                Case No. 12-61420-MBM
                                                                Chapter 7
                    Debtor.                                    Hon. Marci B. McIvor
_____/

Mya Saray, LLC,

       Plaintiff,

v.                                                                           Adv. No. 13-4143

Ali M. Hammoud,

       Defendant.

_____/

**<u>OPINION DENYING ALI HAMMOUD'S MOTION FOR RECONSIDERATION</u>**

On October 1, 2013, Ali Hammoud filed a Motion for Reconsideration seeking reconsideration of the Order Granting Plaintiff's Motion for Summary Judgment entered on September 17, 2013. For the reasons set forth below, Ali Hammoud's Motion for Reconsideration is DENIED.

<u>FACTUAL BACKGROUND AND ANALYSIS</u>

On October 1, 2013, Ali Hammoud filed a motion seeking reconsideration of this Court's Order Granting Summary Judgment to Plaintiff. In granting summary judgment, this Court ruled that the doctrine of collateral estoppel required this Court to find a judgment, entered by the United States District Court for the Eastern District of Virginia,

non-dischargeable under 11 U.S.C. § 523(a)(6). In his Motion for Reconsideration, Ali Hammoud argues that this Court erred in applying the doctrine of collateral estoppel because one of the elements necessary in a non-dischargeability claim under §523(a)(6) was neither raised in the prior proceeding, nor was the determination of the issue necessary to the outcome of the prior proceeding. Specifically, Debtor argues: (1) the issue of whether Defendant caused malicious injury to Plaintiff was never litigated; and (2) Defendant's conduct could not have been malicious because the Virginia court did not treble either the trademark or patent damages.

With respect to Defendant's argument that the Virginia court did not make a specific finding that the Defendant's actions were "malicious", this Court disagrees. The Virginia court did, in fact, determine that Defendant's actions were malicious. In *Tinker v. Colwell*, 193 U.S. 473 (1904), the Supreme Court defined "malice" as "a wrongful act, done intentionally, without just cause or excuse." *Id.* at 485-86.

This Court finds that the standard set forth in *Tinker* is easily met by the judgment entered by the Virginia Court. First, the Virginia Court found that there were many wrongful acts. These acts include all the claims for which Defendant was found liable. *See*, *Mya Saray, LLC v. Al-Amir, Inc, et. al.*, 831 F. Supp.2d 922 (E.D. Va. 2011).

Second, the Virginia court in *Mya Saray* case expressly found those wrongful acts were intentional:

> --[t]he defendants' consistent disregard for this Court and their intentional breach of the Settlement Agreement make this case exceptional. *Id.* at 938.
>
> --The use of Mya Saray trademarks constituted an intentional misrepresentation designed to cause consumers to believe that Mya Saray was in some way responsible for the goods, causing damage to Mya Saray. *Id.* at 938.

2

--The undersigned concludes that Al.Amir and Mr. Hammoud have intentionally infringed Mya Saray's patent as described in Mya Saray's complaint. *Id.* at 938.

--The defendants had actual knowledge that Mya Saray had trademarks enforceable under the Lanham Act. *Id.* at 941

Third, the Virginia court found that Defendant's actions were without just cause or excuse. The Virginia court made the following findings of fact: (1) that unacceptable trade practices forced Mya Saray to end the distributor relationship with Defendant (*Mya Saray*, 831 F.Supp.2d at 935); (2) rather than acquire alternative brands of products, Defendant decided to counterfeit the Mya Saray products that he once carried (*Id.*); (3) Mya Saray sued Defendant to stop the counterfeiting activities, and only ceased litigation on Defendant's promise to refrain from specific counterfeiting and trademark violations *(Id); (4)* Defendant continued to provide the counterfeits that were the basis of the original suit (in violation of the settlement agreement) (*Id.* at 936); and (5) Defendant offered no justification for his actions.

Based on the above findings of fact, this Court is satisfied that the Virginia court determined that Defendant intentionally committed wrongful acts without just cause. Since the elements of malicious injury were determined by the Virginia court, the judgment obtained by Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(6).

Defendant's second argument is that the Virginia court's failure to award treble damages to Plaintiff supports a finding that Defendant's actions were not malicious. This Court finds that the Virginia court's failure to award treble damages has no relevance to whether Plaintiff's judgment against Defendant is non-dischargeable.

First, treble damages for trademark infringement are only awarded when the

3

13-04143-mbm    Doc 32    Filed 11/07/13    Entered 11/07/13 10:38:27    Page 3 of 5

damages awarded fail to adequately compensate a plaintiff.  15 U.S.C. § 1117(a); *Clearline Technologies v. Cooper B-Line, Inc.*, 2013 WL 2422581 (S.D. Tex.) at *13-14 *citing Champion Cooler Corp. v. Dial Mfg.*, 2010 WL 1644193 at *3 ("evidence of willfulness alone, without proof that damages are not completely compensatory, does not entitle a plaintiff to enhanced damages").  In this case, the Virginia court did not award treble damages because the damages awarded adequately compensated the Plaintiff.  However, the fact that treble damages were not awarded has no bearing on the issue of whether Defendant's conduct was malicious.  The Virginia court imposed as many other punitive remedies as it could under the Lanham Act by: (1) imposing the elevated statutory damage provisions of 15 U.S.C. § 1117(c)(2); (2) requiring payment of attorneys' fees under 15 U.S.C. §1117(a); (3) ordering the destruction of infringing articles; and (4) requiring the return of legitimate articles that were co-mingled with counterfeits.   The Virginia court would not have awarded these damages in the absence of malicious conduct by Defendant.

Second, this Court finds that, while treble damages may be awarded in cases involving counterfeiting, treble damages are not applicable when a plaintiff opts for statutory damages.  In this case, Plaintiff sought statutory damages because Defendant withheld records necessary to support a claim for relief based on actual damages.  Again, there is no law to support the argument that the absence of a specific award for treble damages requires a conclusion that Defendant's conduct was neither willful nor malicious.

Under L.B.R. 9024-1 (E.D.M.), a motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable

defect *and* that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

The Motion for Reconsideration filed in this case does not demonstrate that this Court has been misled by a palpable defect *and* that a different disposition of the case must result from a correction of such palpable defect.

## CONCLUSION

For the reasons stated in this Opinion, Defendant's Motion for Reconsideration is DENIED.

Signed on November 07, 2013

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge

5